

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203)821-3700
*157 Church Street, 25th Floor*  Fax (203) 773-5376
*New Haven, Connecticut 06510*  www.justice.gov/usao/ct

September 9, 2021

Charles F. Willson, Esq.
Assistant Federal Defender
Federal Defender's Office
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
_____9/9/2021_____ 20
Robin D. Tabora, Clerk
By _____
Deputy Clerk

    Re:    **United States v. Michael Holm**
            **Case No. 3:21-cr-_____ (KAD)**

Dear Attorney Willson:

    This letter confirms the plea agreement between your client, Michael Holm (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

    In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information him with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly possessed material that contained an image of child pornography;

2. The child pornography had been either (a) shipped or transported using any means or facility of interstate or foreign commerce, (b) shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or (c) produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

3. The defendant knew that the material contained child pornography.

**THE PENALTIES**

Imprisonment

This offense generally carries a maximum penalty of 20 years of imprisonment if it involved an image of child pornography that involved a prepubescent minor or a minor who had not attained 12 years of age. Because the defendant has a prior federal conviction for possession of child pornography, the offense also carries a mandatory minimum penalty of 10 years of imprisonment. 18 U.S.C. § 2252A(b)(2).

Supervised Release

In addition, the Court must impose a term of supervised release of at least five years and as much as life to begin after any term of imprisonment. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 3 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than 5 years of imprisonment. 18 U.S.C. § 3583(k).

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

Fine

This offense carries a maximum fine of $250,000.  The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571.  Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 3 of 17*

Additional Assessments

The defendant understands that he is subject to additional assessments under 18 U.S.C. § 2259A(a), which will be used to fund the Child Pornography Victims Reserve. *See* 18 U.S.C. § 2259B. Pursuant to 18 U.S.C. § 2259A(a)(1), the Court may impose an assessment of up to $17,000 on the conviction. The defendant understands that in determining the assessment amount to impose under 18 U.S.C. § 2259A(a), the Court shall consider the factors set forth in sections 3553(a) and 3572. The assessment is payable immediately unless otherwise ordered by the Court. The defendant understands that any money received from the defendant shall be disbursed so that each of the following financial obligations is paid in full in the following sequence: (1) a special assessment under section 3013; (2) restitution to victims of any child pornography production or trafficking offense that the defendant committed; (3) an assessment under 18 U.S.C. § 2259A(a); (4) other orders under any other section of Title 18 of the United States Code; and (5) all other fines, penalties, costs, and other payments required under the sentence.

The defendant is further obligated by 18 U.S.C. § 3014 to pay an additional assessment of $5,000 on the count of conviction, unless the Court finds that the defendant is indigent. The Government reserves its right to argue at sentencing that the defendant is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional assessment, the additional assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional assessment is based.

Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The forgoing interest, penalty, and fine provisions also apply to any assessments the Court imposes under 18 U.S.C. § 2259A.

Forfeiture

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the following: an Apple iPhone 8, bearing serial number C7CWR2F6JC6C (the "iPhone").

The defendant acknowledges that the iPhone is subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the iPhone in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the iPhone and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in these cases and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure or forfeiture of the iPhone covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 5 of 17*

level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 6 of 17*

The defendant's base offense level under U.S.S.G. § 2G2.2(a)(1) is 18. That level is increased by two levels under U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years. Five levels are added pursuant to U.S.S.G. § 2G2.2(b)(3)(B) because the defendant distributed child pornography in exchange for other child pornography material. Four levels are added under U.S.S.G. § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct, specifically depictions of prepubescent females being penetrated by vaginally penetrated by foreign objects and by adult males, and material that portrays the sexual abuse or exploitation of an infant or toddler. Two levels are added under U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service, including ChatStep, Discord, Dropbox, Kik, and an Apple iPhone. Five levels are added under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved at least 142 unique image files and 118 unique video files of child pornography, resulting in the equivalent of 600 or more images. *See* U.S.S.G. § 2G2.2, Application Note 6(B)(ii) (noting that each video shall be considered to have 75 images). Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 33.

The parties disagree about the defendant's Criminal History Category and resulting sentencing range. The Government believes that the defendant falls within Criminal History Category IV, which would result in a range of 188 to 235 months of imprisonment (sentencing table). The defendant believes that the defendant falls within Criminal History Category III, which would result in a range of 168 to 210 months of imprisonment (sentencing table).

The parties agree that a total offense level of 33 results in a fine range of $35,000 to $250,000 (statutory maximum), U.S.S.G. § 5E1.2(c)(3). The parties further agree that the defendant is subject to a supervised release term of five years to life. U.S.S.G. § 5D1.2.

The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if their initial assessments prove inaccurate.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. However, the defendant agrees that because of his prior federal conviction for possession of child pornography, he is subject to a mandatory minimum term of imprisonment of 120 months, and therefore, he may not argue for a sentence below 120 months of imprisonment.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate

calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 8 of 17*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 9 of 17*

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If he resides in Connecticut following release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-250, et seq. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration

agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which form the basis of the Information in this case as well as the conduct set forth in the attached stipulation of offense conduct and relevant conduct.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

### NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          9/9/21
MICHAEL HOLM                              Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          9.9.21
CHARLES F. WILLSON, ESQ.                  Date
Attorney for the Defendant

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 12 of 17*

## **STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT**

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information:

The defendant has a prior federal conviction for possession of child pornography. Specifically, on December 9, 2010, the defendant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 26, 2011, the defendant was sentence to 3 months of imprisonment, followed by 5 years of supervised release. The defendant's term of supervised release commenced on or about January 20, 2012 and ended on or about January 20, 2017.

During the period between September 1, 2014, to March 8, 2021, while the defendant was in Connecticut, the defendant knowingly possessed child pornography, including on his iPhone and in his online Dropbox account (which is an online file storage and sharing service). He also used various other websites and mobile applications, such as ChatStep, Kik, Discord, Skype, and others, to distribute child pornography to others, sometimes in exchange for other child pornography in return.

On March 8, 2021, law enforcement agents executed a court-authorized search warrant at the defendant's residence in Connecticut and seized an Apple iPhone 8, bearing serial number C7CWR2F6JC6C (the "iPhone"). The iPhone is a facility of interstate and foreign commerce and was manufactured outside the state of Connecticut. A forensic examination of the iPhone revealed 18 unique image files and 34 unique video files containing child pornography, including but not limited to the following:

    Filename:     4C042C04-27FC-41F4-8099-331431CCA[xxx].jpeg
    Description:  This file is an image file depicting a naked prepubescent minor female in a bathroom. The minor female's eyes are closed, and she has white liquid on her forehead, nose and cheeks and she has an erect penis in her hands.

On March 24, 2021, law enforcement agents executed a court-authorized search warrant for the defendant's Dropbox account. Dropbox is an online file storage and sharing service that is offered by Dropbox Inc., which is a company headquartered in San Francisco, California. Files are a transferred to and accessed from a user's Dropbox account via the internet, which is a means of interstate and foreign commerce. A search of the account revealed that the defendant had uploaded and saved at least 25 unique image files and 78 unique video files containing child pornography during the period from October 2014 to November 2020, including but not limited to the following:

| | |
|---|---|
| Filename: | 2014-07-08_19-19-25_6[xx].mp4 |
| Description: | This file is a video file 53 minutes and 48 seconds in length depicting a naked prepubescent minor female touching her anus and vagina, and a carrot is inserted into the minor female's anus. Later in the video an adult male performs oral sex on the minor female and then penetrates the female's vagina with his penis. |

| | |
|---|---|
| Filename: | VIDEO_06[x].mp4 |
| Description: | This file is a video file a video file 1 minute and 11 seconds in length depicting a prepubescent minor female performing oral sex on an adult male's erect penis. |

In total, a review of files recovered from the defendant's iPhone and online accounts (including Dropbox, ChatStep, Kik, Discord, Skype, and others) revealed at least 142 unique image files and 118 unique video files of child pornography, including images and videos depicting prepubescent minors engaged in sexually explicit conduct such as oral sex, vaginal sex, and masturbation. The defendant agrees that he possessed each of these files in Connecticut at some point during the period between September 1, 2014, to March 8, 2021. Of those files, there were 30 unique image files and 13 unique video files depicting the sexual abuse and exploitation infants and toddlers. In addition, some of the images and videos portray sadistic and masochistic conduct.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
MICHAEL HOLM
The Defendant

_____
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
CHARLES F. WILLSON, ESQ.
Attorney for the Defendant

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 14 of 17*

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)   medical services relating to physical, psychiatric, or psychological care;

(B)   physical and occupational therapy or rehabilitation;

(C)   necessary transportation, temporary housing, and child care expenses;

(D)   lost income;

(E)   reasonable attorneys' fees, as well as other costs incurred; and

(F)   any other relevant losses incurred by the victim.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 15 of 17*

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration agency, in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2. The defendant must participate in mental health treatment, with an emphasis on sex offender treatment, as approved by the United States Probation Office, and must abide by the policies and procedures of the program, which may include polygraph testing. The defendant must pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3. The defendant must submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the completion of a sex offender treatment program. The defendant must pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4. The defendant must not view, purchase or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games depicting what is described as child pornography as defined in 18 U.S.C. § 2256(8).

5. The defendant must not have direct contact with any child he knows or reasonably should know to be under the age of 18, without permission of the probation officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children or relatives.

6. The defendant must provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring condition, (ii) purchase child pornography or access child pornography, or (iii) have contact with minors.

7. The defendant shall avoid, and are prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8. The defendant must not associate or have contact with anyone he knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 16 of 17*

    9. The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

    10. The defendant must submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

    11. The defendant must submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

    12. The defendant must permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(8) and whether the defendant has been in contact with minors. The defendant must pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

    13. To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet / Wi-Fi connection.

    14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

*Charles F. Willson, Esq.*
*September 9, 2021*
*Page 17 of 17*

     15. The defendant must consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.